## GREENE & BROWN *v.* TIMOTHY HALEY.

Where an entire contract with master carpenters, for building an addition to a house within a stipulated time and for a gross sum, provides, that the materials for the work shall be furnished by the owner, but not where they are to be delivered, and the owner delivers the finishing stuff upon the premises, notwithstanding the request of the builders to deliver it at their workshop in another part of the city, to be worked, and refuses to permit them to take it at their own expense to their workshop, where it can be worked more advantageously for both parties; *Held,* that the carpenters, having framed and raised the addition, are entitled to recover for the work by them done, although they abandoned the contract, after due notice to the owner that they should do so, unless permitted to work the finishing stuff at their own workshop.

PETITION IN EQUITY, under the mechanics' lien law, to enforce a lien for work and labor done by the petitioners, in raising and framing an addition to the house of the respondent, situated between Whipple and Derry Streets, in North Providence.

The case turned upon the question, whether the petitioners,

who were master carpenters, were justified under the circumstances in refusing to go on with an entire contract, made by them, to build an addition to the respondent's house within a stipulated time and for a gross sum, so that they could recover upon a *quantum meruit* for work and labor by them done, in partial performance of the contract. The facts are sufficiently stated in the opinion of the court.

*H. A. Manchester*, for the petitioners.

*Payne & Colwell*, for the respondent.

BRAYTON, J. The petitioners, Greene & Brown, claim by their petition in this case to have a lien upon the estate of the respondent, for certain work and labor done and performed thereon, at the request of the respondent, under chapter 150 of the Revised Statutes, entitled, " of the lien of mechanics."

Upon the evidence submitted by the parties, the facts appear to be, that in August, 1857, a contract was entered into between Greene & Brown, the petitioners, and Haley, the respondent, by which it was agreed, that Greene & Brown, being master carpenters, should build an addition to the said Haley's house, in Providence ; that they would put upon the work, to ensure it speedy completion, four hands ; that the house should be completed, ready for the mason work, within six weeks, and fully completed in eight weeks ; that Haley should furnish all the materials for the building necessary to its completion, and should pay, for the entire work, the sum of two hundred and twenty-five dollars ; and that Greene & Brown commenced the work about the first of September under the contract, and sent two of their workmen, who proceeded to frame and raise the building, and continued to work some ten days. These two men, from the evidence, were as many as could work to advantage on the premises. Greene & Brown then desiring to set other hands at work in getting out and preparing the finishing stuff, so called, that kind of material not having been then delivered by Haley, requested him to deliver it at their workshop in another part of the city. This he refused ; but did deliver it on the premises. Finding that it was not brought to their workshop, they threatened to discontinue the work unless he would have it carried there. Haley still refused to have it sent. They

then proposed to take it themselves, for convenience of working it; but Haley would not permit it to be carried from the premises, but insisted upon its being wrought on the premises. Thereupon, Greene & Brown refused to proceed with the work further. It was in evidence, that so many as four hands could not work to advantage upon the building in its then state, and that that number of hands could not be advantageously employed, unless at the shop; and that the work could not be so well done, for either party, on the premises, as it could be done at the workshop.

The work performed by the petitioners having been performed upon the premises of the respondent, and at his request, a lien therefor would be created in their favor, if the petitioners are entitled to recover at all for the work thus far performed; and the question is, therefore, whether they are entitled to recover at all, until they shall have completed the entire work which they have contracted to do.

This is an entire contract, by which the petitioners engage to do an entire work, within a stipulated time, and to receive a gross sum upon its completion; and the question is, whether they can recover any portion, until the whole work stipulated to be done shall be completed. As a general rule of law, clearly they could not. If the respondent has in good faith, and in the spirit of the contract, performed his part of it, and insists upon its fulfilment by the petitioners, they cannot recover, unless they have performed theirs. If, however, the respondent has so far failed in the performance of his part of the contract as to entitle the petitioner to treat the contract as rescinded, and no longer in force, then they may be allowed to recover for the labor they have performed in pursuance of it.

The contract, which was by parol, designated no place at which the materials were to be delivered; and the defendant seems to have considered it as within the letter of his contract to deliver these materials upon the premises, where they were finally to go into the building. Had he received no notice that they were wanted and could be worked to better advantage elsewhere, this would have been within the spirit of the contract. Whether from the almost invariable practice of builders,

at this day, to work material of this description at their work-shops, (generally known as it must be,) where all the necessary tools and conveniences for working to the best advantage are kept, a delivery elsewhere is a compliance with the true intent of the contract, it is not necessary in this case to determine. The materials are to be supplied where it is understood by the parties, at the making of the contract, that they are to be worked.

But whatever may be deemed a performance in good faith in that respect, there is another question quite decisive. The respondent not merely refused to carry these materials to the workshop of the petitioners, but absolutely prohibited them from taking them there. Now there is no stipulation that these materials shall be wrought by the petitioners upon the premises. The only agreement is that they shall go into the building. They are at liberty to do the labor where they please; and if they can do it at their workshop more advantageously to themselves, and still more, if more advantageously to the respondent, as the evidence shows that they could, they are certainly at entire liberty to do so. If they perform the work stipulated, within the time agreed, it is all the respondent has a right to require; and he has no right to prevent them doing the work in their own way, at such place as they deem most to their interest.

The delivery of the materials on his premises by Haley, with the prohibition to work them elsewhere, can be regarded in no other light than a conditional delivery to the petitioners,—a delivery upon the condition that they should work them on the premises; and since it is a condition which he had no right to impose, we think the petitioners had a right to consider it as a refusal to deliver at all. It was a refusal to deliver to them, for any purpose useful to them in the performance of their contract.

Haley had notice from the petitioners that they regarded the delivery in that light, and that they should abandon the work on the ground of his refusal to perform his part of the agreement in good faith, and he made no objection to it at the time of their abandonment, and no complaint afterwards.

The petitioners, we think, were justified in treating the contract as rescinded, and to refuse to proceed further; and are entitled to recover for the work by them performed, and have a lien on the premises for the amount of such work.

*Let a decree be entered accordingly.*